

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Houston, Texas

Dear Mr. Jackson:          Attention - Mr. Conrad J. Landram

Opinion No. O-5150
Re: Whether or not voluntary parti-
tion deeds come within the statutes
regulating the registration of plats
or maps, Articles 6626 and 974a of
the Revised Civil Statutes, Vernon's
Codification.

Your letter requesting the opinion of this depart-
ment on the question above captioned reads in part as follows:

"This renews our request for an opinion
as to whether or not Article 6626 applies to
the following classes of instruments and re-
quires the approval by the Commissioners'
Court.

"A voluntary partition deed covering
property outside of the city limits of an
incorporated city and town wherein co-
tenants partitioned the common property in
the segregated parcels and allot to each
one or more of the parcels accompanied by
a map prepared by a surveyor showing the
outside boundary lines of the several par-
cels and the boundary lines of the new sub-
division. The several parcels, of course,
constitute a new subdivision of the common
property but no more so than the ordinary
partition deed between co-owners.

"In some instances the plat provides
for a new road dedicated to the public but
not all of them do and this inquiry relates
to both types of partition deeds."

Article 6626 is as follows:

"The following instruments of writing
which shall have been acknowledged or proved
according to law, are authorized to be re-
corded, viz:  all deeds, mortgages, convey-
ances, deeds of trust, bonds for title, cove-
nants, defeasances or other instruments of
writing concerning any lands or tenements,
or goods and chattels, or movable property
of any description; provided, however, that
in cases of subdivision or re-subdivision
of real property no map or plat of any such
subdivision or re-subdivision shall be filed
or recorded unless and until the same has
been authorized by the Commissioners' Court
of the county in which the real estate is
situated by order duly entered in the min-
utes of said Court, except in cases of par-
tition or other subdivision through a Court
of record; provided, that within incorpor-
ated cities and towns the governing body
thereof in lieu of the Commissioners' Court
shall perform the duties hereinabove imposed
upon the Commissioners' Court."

Article 974a -- Vernon's Codification -- insofar
as pertinent is as follows:

"Sec. 1.  That hereafter every owner of
any tract of land situated within the corpor-
ate limits or within five miles of the cor-
porate limits of any city in the State of
Texas, * * * who may hereafter subdivide the
same in two or more parts for the purpose of
laying out any subdivision of any such town,
or city, or any addition thereto, or any
part thereof, or suburban lots or building
lots, or any lots, and streets, alleys, parks
or other portions intended for public use, or
for the use of purchasers or owners of lots
fronting thereon or adjacent thereto, shall
cause a plat to be laid which shall accurate-
ly describe all of the subdivisions of such
tract or parcels of land, giving dimensions
thereof, and the dimensions of all the streets,

Honorable Dan W. Jackson - page 3

alleys, squares, parks, or other portions of
same intended to be dedicated to public use,
or for the use of purchasers or owners of
lots fronting thereon or adjacent thereto.

" * * *.

"Sec. 3. That it shall be unlawful for
the County Clerk of any county in which such
land lies to receive or record any such plan,
plat or replat, unless and until the same
shall have been approved by the City Planning
Commission of any city affected by this Act,
if said city have a City Planning Commission
and if it have no City Planning Commission,
unless and until the said plan, plat, or re-
plat shall have been approved by the govern-
ing body of such city. If such land lies out-
side of and within five miles of more than one
city affected by this Act, then the requisite
approval shall be by the City Planning Com-
mission or governing body, as the case may be,
of such of said cities having the largest popu-
lation. * * *

"Sec. 4. If such plan or plat, or replat
shall conform to the general plan of said city
and its streets, alleys, parks, playgrounds
and public utility facilities, including those
which have been or may be laid out, and to the
general plan for the extension of such city and
of its roads, streets and public highways with-
in said city and within five miles of the cer-
porate limits thereof, regard being had for ac-
cess to and extension of sewer and water mains
and the instrumentalities of public utilities,
and if same shall conform to such general rules
and regulations, if any, governing plats and
subdivisions of land falling within its juris-
diction as the governing body of such city may
adopt and promulgate to promote the health,
safety, morals or general welfare of the com-
munity, and the safe, orderly and healthful
development of said community * * *, then it
shall be the duty of said City Planning Com-
mission or of the governing body of such city,
as the case may be, to endorse approval upon
the plan, plat or replats submitted to it."
(S. B. No. 277, 40th Leg. p. 862).

When these statutes are considered together as they should be -- related as they are -- it is our conclusion that partition deeds executed by co-tenants for the purpose of effecting a partition of land does not come within their meaning. Whether the partition deed is or is not executed by including in the instrument a map, plat or delineation whatsoever of the land thus partitioned, will not change our holding.

The obvious purpose of the statutes was to regulate the common practice of laying out subdivisions or additions of suburban lands so as to bring about a conflict with the planning, platting and delineation of the streets, alleys, parks, lots and the like of the city to which such subdivision or addition is adjacent. Such a matter involves a public interest, whereas a mere partitioning of lands between or among co-tenants involves solely a matter of personal right and not of public concern.

What we have said answers both phases of your inquiry.

We have confined this opinion to a consideration of the precise questions presented by you.

APPROVED JUL 29, 1943

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

*Ocie Speer*

Ocie Speer
Assistant

OS-MR

